IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY, ET AL.,** | : | **CIVIL ACTION NO. 1:08-CV-0507** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN DEPARLOS, ET AL.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 21st day of March, 2008, upon consideration of Plaintiff's request for class certification (Doc. 1, at 6, ¶ 17), which requires that the named plaintiff prove that he has met the requirements of numerosity, commonality, typicality, and adequacy of representation, FED. R. CIV. P. 23, and a class action can be maintained only if "the representative parties will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a)(4), and it appearing that plaintiff is unable to satisfy the adequacy of representation factor because he is without sufficient legal education, see Krebs v. Rutgers, 797 F. Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to pro se plaintiffs without sufficient legal education), and pro se plaintiffs are not favored as representative parties in a class action, as they generally cannot represent and protect the interests of the class fairly and adequately, Caputo v. Fauver, 800 F. Supp. 168, 170 (D. N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action"); Cahn v. United

States, 269 F. Supp. 2d 537, 547 (D. N.J. 1992); Whalen v. Wiley, No. 06-809, 2007 WL 433340 *2 (D. Col. Feb. 1, 2007)(finding that it is plain error to permit a pro se inmate litigant to represent fellow inmates), and although his failure to satisfy this factor is dispositive of his request for class certification, Zlotnick v. TIE Commc'ns, Inc., 123 F.R.D. 189 (E.D. Pa. 1988) (stating that "[a] failure to satisfy any one of these four requirements is fatal to a motion for certification"), he may continue to litigate his own claim upon satisfaction of Federal Rule of Civil Procedure 11(a)[1], see also, Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (stating that "[w]hile a pro se litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others"), it is hereby ORDERED that:

1. Plaintiff's request for class certification is DENIED.

2. Plaintiff may continue to litigate his own claim upon satisfaction of Federal Rule of Civil Procedure 11(a), which requires every pleading to be signed.

3. Plaintiff is afforded until April 11, 2008, to COMPLY with Rule 11(a) and submit a signed complaint.

4. Failure to do so will result in the complaint being stricken and the action being dismissed. See FED. R. CIV. P. 11(a) ("An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.")

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

---

[1] Rule 11(a) requires every pleading to be signed. The complaint that was filed on March 20, 2008, is not signed.