# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HILTON KARRIEM MINCY,** | : CIVIL ACTION NO. 1:08-CV-0507 |
| Plaintiff | : |
| | : |
| vs. | : JUDGE |
| | : CHRISTOPHER C. CONNER, |
| **WARDEN DEPARLOS;** | : |
| **DEPUTY WARDEN BLANK;** | : |
| **LIEUTENANT HARTLY,** | : |
| **LYCOMING COUNTY PRISON,** | : |
| **LYCOMING COUNTY PRISON BOARD,** | : |
| **SERGEANT McKISSICK,** | : |
| **JUDGE NANCY BUTTS,** | : |
| **SHERIFF CHARLES T. BREWER,** | : |
| **COMMISSIONER REBECCA BURKE,** | : |
| **COMMISSIONER RICHARD NASSBERG,** | : |
| **COMMISSIONER EARNEST LARSON,** | : |
| **CONTROLLER KRISTA RODGERS,** | : |
| **MICHAEL DINGES,** | : |
| Defendants | : **FILED ELECTRONICALLY** |

## ANSWER TO AMENDED COMPLAINT

Defendants herein respond to Plaintiff's Amended Complaint as follows:

The averments contained in Plaintiff's Preliminary Statements are in violation of Federal Rule of Civil Procedure 8, and, to the degree they are deemed factual, they are denied.

### Count I

1. The averments contained in Paragraph 1 regarding broad and unspecified complaints of meals during Ramadan are denied as stated.

2. The averments contained in Paragraph 2 regarding broad and unspecified complaints of meals for Ramadan are denied as stated.

3. The averments contained in Paragraph 3 regarding broad and unspecified complaints of meals during Ramadan are denied as stated.

4. The averments contained in Paragraph 4 are denied in their entirety.

5. The averments contained in Paragraph 5 are denied in their entirety.

6. The averments contained in Paragraph 6 are denied in their entirety.

7. The averments contained in Paragraph 7 are denied in their entirety.

8. Denied as stated.  It is admitted that Plaintiff sent a request slip to the prison Secretary on or about October 3, 2007.  The remaining averments contained in Paragraph 8 are denied to the degree they are inconsistent with said written request slip.

9. Denied as stated.  It is admitted that Deputy Warden Blank responded to Plaintiff's request slip on or about October 4, 2007.  The remaining averments contained in Paragraph 9 are denied to the degree they are inconsistent with said written response.

10. Denied as stated.  It is admitted that Deputy Warden Blank responded to Plaintiff's request slip on or about October 4, 2007 and that the Prison started supplying fruit with the breakfast meals on or about October 4, 2007.  The remaining averments contained in Paragraph 10 are denied to the degree they are inconsistent with said written response and denied that the response contradicts the Prison's actions.

11. The averments contained in Paragraph 11 are denied in their entirety. By way of further answer, both Iman-Abdul B. Patham and Assistant Imam

Eldridge Thomas deny the allegations contained in Plaintiff's Amended Complaint.

12. The averments contained in Paragraph 12 are denied as stated. Defendants are unable to admit or deny the averment that Officer Defrancisco delivered a food tray to an inmate on October 5, 2007 as they have no information upon which to form a response. The remaining averments contained in paragraph 12 are denied.

13. Denied as stated. It is admitted that Plaintiff sent a letter grievance to Warden Deparlos on or about October 8, 2008. The remaining averments contained in Paragraph 13 are denied to the degree they are inconsistent with said letter. It is further denied that the statements made in said letter are true or accurate.

14. Denied as stated. It is believed and, therefore averred that Defendants responded to Plaintiff's letter and Defendants are reviewing their files to determine same.

15. Denied as stated. It is admitted that Plaintiff was denied access to attend Jumuah religious service on March 21, 2008 for his failure to comply with the request slip procedure required by the Lycoming County Prison for all inmates wanting to attend any religious services. The remaining averments contained in Paragraph 15 are denied.

16. Defendants are unable to admit or deny the averments contained in Paragraph 16 as they have no information upon which to form a response. It is believed and, therefore averred, that Plaintiff attended the next

regularly scheduled Jumuah religious services, thus, Plaintiff must have complied with the request slip procedure required of all Lycoming County Inmates wanting to attend any religious services.

17. The averments contained in Paragraph 17 are conclusions of law to which the Federal Rules of Civil Procedure require no response.  To the degree they are deemed factual, they are denied.

18. The averments contained in Paragraph 18 are denied in their entirety.  By way of further answer, the Lycoming County Prison provided extra portions during the dinner meal for inmates observing Ramadan to compensate for the missed lunch during their religious fasts.

WHEREFORE, Defendants request this Court dismiss Count I of Plaintiff's Complaint as having no merit.

## COUNT II

19. The averments contained in Paragraph 19 are denied in their entirety.

20. Denied as stated.  It is denied that the Lycoming County Prison Defendants are a government entity as defined by 42 U.S.C. 2000.  It is admitted that the Lycoming County Prison Board is a government entity pursuant to 61 P.S. 408.

21. The averments contained in Paragraph 21 are conclusions of law to which the Federal Rules of Civil Procedure require no response.  To the degree they are deemed factual, they are denied.

WHEREFORE, Defendants request this Court dismiss Count II of Plaintiff's Complaint as having no merit.

### COUNT III

22. The averments contained in Paragraph 22 are denied in their entirety.

23. The averments contained in Paragraph 23 are denied in their entirety.

24. The averments contained in Paragraph 24 are denied in their entirety.

25. The averments contained in Paragraph 25 are denied in their entirety.

WHEREFORE, Defendants request this Court dismiss Count III of Plaintiff's Complaint as having no merit.

### COUNT IV

26. The averments contained in Paragraph 26 are denied as stated. It is admitted that the Lycoming County Prison personnel conducted a routine search as the Prison does periodically with all cells. The remaining averments contained in Paragraph 26 are denied.

27. The averments contained in Paragraph 27 are denied in their entirety.

28. The averments contained in Paragraph 28 are denied in their entirety.

29. It is admitted that Plaintiff submitted a letter to Warden Deparlos on or about June 23, 2008. The remaining averments contained in Paragraph 29 are denied to the degree they are inconsistent with said letter. It is further denied that the statements made in said letter are true or accurate.

30. The averments contained in Paragraph 30 are denied in their entirety.

WHEREFORE, Defendants request this Court dismiss Count IV of Plaintiff's Complaint as having no merit.

### COUNT V

31. The averments contained in Paragraph 31 are denied in their entirety.

32. The averments contained in Paragraph 32 are denied in their entirety.

WHEREFORE, Defendants request this Court dismiss Count V of Plaintiff's Complaint as having no merit.

McNERNEY, PAGE, VANDERLIN & HALL

By: /s/ Robin A. Read
    Robin A. Read, Esquire
    I.D. #47629
    Attorney for Defendants

433 Market Street
P.O. Box 7
Williamsport, Pennsylvania 17703

Telephone: 570-326-6555
Facsimile: 570-326-3170
Email: rread@mpvhlaw.com